IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DARREL RAY LYNCH | § | |
| VS. | § | CIVIL ACTION NO.1:21-CV-270 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant, Darrel Ray Lynch, a federal prisoner currently confined at FCI Seagoville, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual & Procedural Background

On June 3, 2021, Movant filed his § 2255 motion entitled "Fourth Successive Motion to Vacate, Set Aside, or Correct Sentence" (#1). The undersigned recommended dismissing the motion without prejudice for lack of jurisdiction as successive (#2). No objections to the Report and Recommendation were filed. As such, a Memorandum Opinion and Order Adopting the Report and Recommendation and Final Judgment were entered on August 16, 2021 (#s 3-4). Currently pending is a Federal Rule of Civil Procedure 60(b) motion filed October 28, 2022 (doc. # 5).

Analysis

The Motion for Reconsideration was filed more than 28 days after entry of the final judgment. As such, the pending motion is properly filed as a Motion for Reconsideration under Federal Rule of Civil Procedure 60(b).

> "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> 1. Mistake, inadvertence, surprise, or excusable neglect;
>
> 2. Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> 3. Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> 4. The judgment is void;
>
> 5. The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> 6. Any other reason that justifies relief.

FED. R. CIV. P. 60(b). The Supreme Court has cautioned that Rule 60(b) should only be applied in extraordinary circumstances. *See Ames v. Miller*, 184 F. Supp. 2d 566, 575 (N.D. Tex. 2002); *Ackermann v. United States*, 340 U.S. 193 (150). The court enjoys considerable discretion when determining whether the movant has satisfied the Rule 60(b) standard. *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

Movant proceeds under FRCP 60(b)(6). The record in this case and other sister cases reflects that Movant has not timely received several notices from this court. As a result, Movant was not

afforded the opportunity to timely file objections to the Report and Recommendation. The Motion for Reconsideration should be granted and the Final Judgment vacated, in light of Plaintiff's objections.

## Recommendation

Movant's Motion for Reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b)(6) (doc. # 5) should be granted. The Final Judgment should be vacated and this case should be restored to the court's active docket for consideration.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs . Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 14th day of June, 2023.

_____
Zack Hawthorn
United States Magistrate Judge