**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| DARREL RAY LYNCH, | § | |
| | § | |
| Movant, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:21-CV-270 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM ORDER PARTIALLY ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant, Darrel Ray Lynch, a federal prisoner currently confined at FCI Seagoville, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.

On June 15, 2021, the magistrate judge recommended dismissing this case without prejudice as successive (#2). No objections were received and the Report and Recommendation was adopted on August 6, 2021 (#3). A Final Judgment was entered the same day (#4). On September 14, 2023, this court vacated the Final Judgment after Movant filed a Motion for Reconsideration under Federal Rule of Civil Procedure 60(b) (#8). The latter Memorandum Order also instructed the Clerk of Court to mail Movant a copy of the June 15, 2021, Report and Recommendation and September 14, 2023, Order, and then gave Movant thirty (30) days to file objections to the Report and Recommendation. *Id*. Movant received a copy of the Report and

Recommendation and Memorandum Order on September 19, 2023.[1]  To date, Movant has not filed objections to the report.

The court received and considered the Report and Recommendation of the United States Magistrate Judge pursuant to such referral, along with the record, pleadings and all available evidence.  After careful review, the court finds that the findings of fact and conclusions of law of the United States Magistrate Judge are correct to the extent they recommend dismissal.  A review of the criminal docket in this matter and other habeas petitions challenging this conviction and sentence reveal that Movant's motion to vacate, set aside, or correct sentence is time-barred.  *See Lynch v. United States*, *report and recommendation*, Civil Action No. 1:21-cv-00497-MAC-ZJH (#3 at 3).  Movant was convicted and sentenced on May 20, 2019.  *Id*.  Movant did not timely pursue a direct appeal of his conviction or sentence within fourteen days after the judgment.  *Id*.  Thus, his conviction became final on June 3, 2019, making his motion to vacate, set aside, or correct sentence due on or before June 3, 2020, one year after the conviction became final.  *Id*.  Here, Movant did not file the above-referenced motion to vacate, set aside, or correct sentence until June 1, 2021.  *Lynch v. United States*, Civil Action No. 1:21-cv-00270-MAC-ZJH (#1).  The present motion to vacate, set aside, or correct sentence is over one year late.  Movant puts forth no allegations supporting exceptional circumstances exist to warrant the application of equitable tolling.  As a result, the motion is time-barred and should be dismissed with prejudice.

---

[1]    A copy of the Report and Recommendation and Memorandum Order were mailed certified mail return receipt.  A copy of the green card was returned signed on September 19, 2023 (#9).

Accordingly, the Report and Recommendation of the United States Magistrate Judge (#2) is **PARTIALLY ADOPTED** to the extent it recommends dismissal.  A Final Judgment will be entered in this case in accordance with the magistrate judge's recommendations.

SIGNED at Beaumont, Texas, this 12th day of May, 2026.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE